IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. <u>17-1037 RB</u> |
| vs. | ) |
| **SANTIAGO AVELES,** | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **SANTIAGO AVELES**, and the defendant's counsel, DONALD J. MORRISON:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

      e.     against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in **Count 1,** a violation of 18 U.S.C. § 371: Conspiracy, and in **Count 2**, a violation of 8 U.S.C. § 1325(c): Marriage Fraud.

## ELEMENTS OF THE OFFENSE

4.     The elements of 18 U.S.C. § 371, Conspiracy, are:

    a. The defendant agreed with at least one other person to violate the law;

    b. One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

    c. The defendant knew the essential objective of the conspiracy;

    d. The defendant knowingly and voluntarily participated; and

    e. There was interdependence among the members of the conspiracy.

The term "interdependence" means that the members of the conspiracy intended to act for their shared mutual benefit. To satisfy this element, a jury must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

5.     The elements of 8 U.S.C. § 1325(c), Marriage Fraud are:

    a. The defendant knowingly entered into a marriage with one another;

    b. The defendant entered the marriage for the purpose of evading an immigration law; and

    c. The defendant acted with knowledge that this conduct was unlawful.

## SENTENCING

6. The defendant understands that the minimum and maximum penalty the Court can impose for each count is:

    a. imprisonment for a period of not more than five years;

    b. a fine not to exceed $250,000.00;

    c. a mandatory term of supervised release of three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d. a mandatory special penalty assessment of $100.00;

7. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

8. It is expressly understood and agreed by and between the defendant and the United States that:

    a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

    b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

    c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared

pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

    d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

    9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

### Counts 1 and 2

**From on or about January 2016 to on or about April 30, 2017, in Doña County, in the District of New Mexico and elsewhere, I, Santiago Aveles, a United**

States citizen, agreed with Yi Lee, a.k.a. "Frankie," Dan Zheng, a.k.a. "Sasa," Chia-Jung Chang, a.k.a. "Chris," and others, to commit Marriage Fraud in violation of 8 U.S.C. § 1325(c). Specifically, in return for monetary payment, I agreed with Yi Lee to marry Dan Zheng, a Chinese national, for the purpose of evading immigration laws and to assist Zheng in applying for citizenship based on marriage.

In furtherance of the conspiracy, I, along with my co-conspirators, did the following:

In January 2016, I was introduced to Dan Zheng by Yi Lee as an individual I could marry in return for monetary payment. On June 14, 2016, Zheng, Lee, and I went to the Doña Ana County Government Center in Las Cruces, New Mexico to apply for a marriage license. On June 16, 2016, Dan Zheng and I participated in a fraudulent marriage ceremony at the Hotel Encanto in Las Cruces, New Mexico that had been arranged by Yi Lee. I had no intent of remaining married to Zheng and I only participated in the marriage so Zheng could obtain financial gain.

On February 2, 2017, as part of the application process for Dan Zheng to obtain lawful immigration status based on marriage, Dan Zheng, Yi Lee, and I met with United States Citizenship and Immigration Services for an interview. Before the interview, Lee provided me with information about the type of questions that would be asked by USCIS. During the interview, Zheng and I represented that we were living together when we were in fact not living together. Lee acted as the interpreter for Zheng.

On March 29, 2017, I met with USCIS for a home visit at Zheng's and my purported residence where I again represented that Zheng and I were living together at the apartment when we were in fact not living together.

On or about April 4, 2017, I sent a text message to Zheng using WeChat, a translating application on my phone, confirming with Zheng that I had provided Chia-Jung Chang, a.k.a. "Chris," with our purported residential address so he could provide it to the attorneys handling Zheng's citizenship application.

In engaging in the above conduct, I knew the essential objective of the conspiracy and knowingly and voluntarily participated in it. I knew that it was unlawful to participate in a fraudulent marriage in order to help Zheng obtain lawful immigration status, but I chose to do it anyway.

10. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11. The United States and the defendant stipulate as follows:

    a. Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

    b. Provided the defendant meets the requirements of USSG § 3E1.1(b), the government agrees to move for a reduction of one additional level from the base offense level as calculated under the sentencing guidelines.

    c. Pursuant to U.S.S.G. § 3B1.2, the defendant was a minor participant in the criminal activity underlying this agreement. Consequently, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines.

    d. Apart from the provisions in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be

imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

12. The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S OBLIGATIONS

13. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## WAIVER OF APPEAL RIGHTS

14. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence,

including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

15. Provided that the defendant fulfills the defendant's obligations set out in this plea agreement, the United States agrees to dismiss the charge against the defendant set forth in the Indictment in *United States v. Yi Lee, et al.*, 2:17-cr-01073-RB at the time of sentencing and to not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information or the Indictment.

16. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

18. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any

criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

19. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 4th day of August, 2017.

JAMES D. TIERNEY
Acting United States Attorney

DUSTIN C. SEGOVIA
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offenses, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, elements of the offense, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
SANTIAGO AVELES
Defendant

I am the attorney for SANTIAGO AVELES. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offenses, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, elements of the offense, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
DONALD J. MORRISON
Attorney for Defendant